USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/07

RECEIVED
JUL 19 2007
CHAMBERS OF
COLLEEN McMAHON

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SHAWN D. FABIAN
Assistant Corporation Counsel
phone. (212) 788-0996
fax (212) 788-9776
shfabian@law.nyc.gov

July 17, 2007

**BY HAND**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

*[Handwritten note: 7/19/07 — There is no reason why you cannot file an answer before then. Request denied.]*

Re:   Winston Irving v. City of New York, et al., 07 Civ. 6075 (CM)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), New York City Police Department ("NYPD") and Joseph Gartner ("Gartner"). Pursuant to Your Honor's individual rules, this office attempted to fax Your Honor this letter; however, the confirmation reply was that the fax received no response.

    I am writing with respect to the above-referenced matter in which plaintiff alleges that excessive force was used against him and that he was falsely arrested and maliciously prosecuted. Defendants City, NYPD and Gartner respectfully request that Your Honor extend defendants time to answer the complaint to 30 days from the receipt of plaintiff's criminal records release.

    On July 9, 2007, this office forwarded to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. While this office attempted to answer the complaint without having to request an extension of time from Your Honor, we have not yet received plaintiff's release, and therefore, defendants are unable to access the sealed records, assess plaintiff's claims, and respond to the complaint.

      This office attempted to contact plaintiff's counsel on July 6, 2007 to request an extension of time to respond to the complaint. I received a voicemail from plaintiff's counsel after my July 6, 2007 telephone call with a telephone number to return his call. Subsequently, I attempted to contact plaintiff's counsel on July 9, July 11, and July 16, 2007 to request an extension of time to answer and have received no response. Therefore, this application is made directly to the Court.

      Defendants City, NYPD and Gartner have made no previous request for an extension or adjournment in this matter. Accordingly, defendants City, NYPD and Gartner respectfully request that your Honor extend defendants time to answer the complaint to 30 days from the receipt of said release. Such an extension should allow defendants sufficient time to receive relevant information regarding plaintiff's arrest and respond to plaintiff's allegations.

      Thank you for your consideration herein.

      Respectfully submitted,

      Shawn D. Fabian (SF 4606)
      Assistant Corporation Counsel
      Special Federal Litigation Division

cc:    Michael W. Warren, Esq. (By Fax (718) 230-5145)
      Law Offices of Michael W. Warren
      Attorney for Plaintiff
      580 Washington Avenue
      Brooklyn, New York 11238