UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WINSTON IRVING,

                              **Plaintiff,**

                -against-

**THE CITY OF NEW YORK and THE POLICE DEPARTMENT OF THE CITY OF NEW YORK; P.O. JOSEPH GARTNER, whose shield number is 1796, JOHN DOE, RICHARD ROE, SAMUEL WOE and others whose true names and shield numbers are presently unknown,**

                              **Defendants.**

**ANSWER OF DEFENDANTS CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT AND GARTNER**

07 Civ. 6075 (CM)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), New York City Police Department ("NYPD") and Police Officer Joseph Gartner ("Gartner"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. State that the allegations set forth in paragraph "6" of the complaint do not contain averments of fact to which a response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base venue as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Gartner is employed by the City of New York as a police officer, and that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York, and that the City of New York maintains a police department.

12. Deny the allegations set forth in paragraph "12" of the complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendants City and NYPD.

13. Paragraph "13" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff was a medical student.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was transported to the 49th precinct.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether any unidentified officers were disciplined as a result of plaintiff's arrest, and admit, upon information and belief, that defendant Gartner was not disciplined as a result of this arrest.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint, and all of its subparts.

45. Deny the allegations set forth in paragraph "45" of the complaint, and all of its subparts.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint, insofar as it sets forth allegations of fact; insofar as it sets forth conclusions of law, no response is required.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants City, NYPD and Gartner repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71. Defendants City, NYPD and Gartner have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants City, NYPD or Gartner violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants City and NYPD have governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, NYPD or Gartner.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74. Defendant Gartner has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.[1]

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75. At all times relevant to the acts alleged in the complaint, defendant Gartner acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

76. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

77. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

78. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

79. The New York City Police Department is not a suable entity.

---

[1] In accordance with the Court's individual practices, today defendant Gartner has served a Notice of Motion that he intends to move to dismiss some or all of plaintiff's claims on the grounds that he is entitled to qualified immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

80. Plaintiff has failed to comply with New York General Municipal Law §50-e..

**WHEREFORE,** defendants City, NYPD and Gartner request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 25, 2007

>      MICHAEL A. CARDOZO
>      Corporation Counsel of the
>        City of New York
>      Attorney for Defendants City, NYPD and Gartner
>      100 Church Street
>      New York, New York 10007
>      (212) 788-0906
>
>      By:        /s/
>           Shawn D. Fabian (SF4606)
>           Assistant Corporation Counsel
>           Special Federal Litigation Division

To:  Michael W. Warren, Esq. (By ECF and First Class Mail)
     Michael W. Warren, P.C.
     Attorney for Plaintiff
     580 Washington Avenue
     Brooklyn, New York 11238

**DECLARATION OF SERVICE**

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On July 25, 2007, I served the annexed "**ANSWER OF DEFENDANTS CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT AND JOSEPH GARTNER**," upon Michael W. Warren, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Michael W. Warren, Esq.
> Michael W. Warren, P.C.
> 580 Washington Avenue
> Brooklyn, New York 11238

being the address designated by plaintiff for that purpose.

Dated: New York, New York
July 25, 2007

/s/
SHAWN D. FABIAN
ASSISTANT CORPORATION COUNSEL