USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

[Seal: CHAMBERS OF COLLEEN McMAHON, RECEIVED AUG - 8 2007]

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SHAWN D. FABIAN
*Assistant Corporation Counsel*
phone: (212) 788-0906
fax: (212) 788-9776
shfabian@law.nyc.gov

August 8, 2007

**BY FAX (212) 805-6326**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

Re: <u>Winston Irving v. City of New York, et al.</u>, 07 Civ. 6075 (CM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), New York City Police Department ("NYPD") and Joseph Gartner ("Gartner") in the above-referenced matter. I write with regard to Your Honor's requirement that defendants take plaintiff's deposition within 30 days of serving defendants' answer to the complaint. In an attempt to accommodate plaintiff's schedule, defendants request that Your Honor either grant an extension of time for the taking of plaintiff's deposition, and therefore, the serving of defendant Gartner's motion for summary judgment or, in the alternative, compel plaintiff to be produced for his deposition on August 15, 2007.

Plaintiff's counsel and this office have been in discussions over the past couple of weeks regarding the scheduling of plaintiff's deposition. Defendant Gartner's summary judgment motion on the ground of qualified immunity must be served, pursuant to Your Honor's individual rules, by August 24, 2007. Plaintiff's counsel informed me in a telephone conversation on August 8, 2007, that plaintiff works as a medical intern at Cabrini Hospital from 10:30 p.m. until 8:00 a.m., through August 20, 2007. Plaintiff's counsel expressed concern that because plaintiff works until 8:00 a.m., that plaintiff may not be in the proper state of mind for the taking of his deposition beginning at 10:00 a.m. until 5:00 p.m.

However, because defendant Gartner's summary judgment motion must be served by August 24, 2007, this office needs adequate time to be able to obtain the transcript from plaintiff's deposition in order to write the summary judgment motion. Additionally, a prior

commitment to take a plaintiff's deposition on an unrelated case on August 21, 2007, and an appearance before Judge Mark D. Fox in White Plains on August 22, 2007, preclude me from taking plaintiff's deposition on those dates.[1] Nevertheless, to comply with Your Honor's individual rules, defendants must take plaintiff's deposition on or prior to August 17, 2007, to provide defendants with the necessary time to obtain the transcript and write the motion.

Therefore, in an attempt to accommodate plaintiff's schedule, defendants request that Your Honor either grant an extension of time for the taking of plaintiff's deposition, and therefore, the serving of defendant Gartner's motion for summary judgment or, in the alternative, compel plaintiff to be produced for his deposition on August 15, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Shawn D. Fabian (SF 4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Michael W. Warren, Esq. (By Fax (718) 230-5145)
      Law Offices of Michael W. Warren
      Attorney for Plaintiff
      580 Washington Avenue
      Brooklyn, New York 11238

---

[1] Plaintiff's counsel informed me that he will be out-of-town for a few days beginning on August 23, 2007.